James J. Leff, J.
The plaintiff, a comparison shopper for a marketing chain, sues Abraham & Straus, claiming false arrest, false imprisonment and assault. Her claim arises out of an incident that took place in the defendant’s store at the Walt Whitman Shopping Center in Huntington, Long Island. The plaintiff had made a number of purchases and paid for them in cash from a wad of crisp new 10-dollar bills furnished by her employer. Store personnel suspected the money was counterfeit, intercepted the plaintiff after the purchase as she was leaving the store and detained her, giving rise to the claims of arrest, assault and imprisonment.
The defendant asserts that it is protected by the immunity conferred by section 218 of the General Business Law and interposes the defense of that statute. The plaintiff moves to dismiss that defense as one available only in eases of “ shoplifting.”
Section 218 of the General Business Law provides: “In any action for false arrest, false imprisonment, unlawful detention, * * * assault * * * brought by any person by reason of having been detained ***in***.a retail mercantile establishment for the purpose of investigation *983 or questioning as to the ownership of any merchandise, it shall he a defense to such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation * * * and that such " * w agent had reasonble grounds to- believe that the person so detained was committing or attempting to commit larceny * * * of such merchandise * * * 1 reasonable grounds ’ shall include, but not be limited to, knowledge that a person has concealed possession of unpurchased merchandise of a retail mercantile establishment, and a ‘ reasonable time ’ shall mean the time necessary to permit the person detained to make a statement * * * and the time necessary to examine employees and records of the mercantile establishment relative to the ownership of the merchandise.”
Larceny no longer carries narrow common-law delineations. (See Penal Law, Practice Commentary, McKinney’s Cons. Laws of N". Y., Book 39, Penal Law, § 155.05, p. 417.) Section 1290 of the former Penal Law reads, in part: “ Hereafter it shall be immaterial in, and no defense to, a prosecution for larceny that: 1. The accused obtained possession of, or title to, such property with the consent of the person from whom he obtained it, provided he induced such consent by a false or fraudulent representation, pretense, token, or writing ’
Section 155.05 of the Penal Law defines larceny:
“ 1. A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.
‘ ‘ 2. Larceny includes a wrongful taking, obtaining or withholding of another’s property, with the intent prescribed in subdivision one of this section, committed in any of the following ways:
“ (a) By conduct heretofore defined or known as common law larceny by trespassory taking, common law larceny by trick, embezzlement, or obtaining property by false pretenses ”.
Section 218 of the General Business Law clearly was intended to reach the host of imaginative devices by which retail mercantile establishments are put upon, whether the method used is shoplifting, use of stolen credit cards, issuance of worthless checks or other means. The elements that must be present to allow a defendant to invoke the statute are that the larceny take place in a retail mercantile establishment and that the object of the miscreant’s industry be merchandise.
The motion is denied.